# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY CLARK,

               Petitioner,      :      Case No. 3:18-cv-266

  - vs -                                District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER, Warden,
  Lebanon Correctional Institution

                                   :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Anthony Clerk to obtain relief from his conviction in the Montgomery County Common Pleas Court on charges of felonious assault, possession of a firearm by a person under a disability, and discharge of a firearm on or near prohibits premises (Petition, ECF No. 1, PageID 2, ¶ 5.) The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Petition was assigned when filed to District Judge Thomas M. Rose and referred by him pursuant to General Order to the undersigned.

Petitioner pleads five grounds for relief.

**Ground One:** All counts in the indictment are against the manifest weight of the evidence.

**Supporting Facts:** The State's only witness was unable to provide clear and consistent testimony to the court. Petitioner's witness "Ms. Adams" testified that there was no shooting. "Ms. Huddleston" testified that she saw a bullet hole in victim's car prior to shooting. Based on this the jury lost its way.

**Ground Two:** Ineffective Assistance of Counsel

**Supporting Facts:** Defense counsel's failure to object to Kim Baker's testimony; defense counsel's failure to lay witness testifying as an expert. These errors were prejudicial to Petitioner.

**Ground Three:** Petitioner was denied due process when the trial court failed to merge counts 4 and 5 with 1, 2, and 3.

**Supporting Facts**: Petitioner's convictions for felonious assault and having weapons under disability are allied offense that should have been merged.

**Ground Four:** Petitioner was denied due process when the trial court failed to consider factors of sentencing under Ohio Revised Code § 2929.14(C)(4).

**Supporting Facts**: Trial court sentenced Petitioner to 23 years. Nowhere in the Amended Termination Entry does it state it has considered Ohio R[evised] C[ode §] 2929.14.

**Ground Five:** Petitioner was denied due process when trial court did not permit the impeachment of the State's witness.

**Supporting Facts:** Ohio's [R]ules of [E]vidence Rule 613(B)(1) governs inconsistent statements. Ms. Baker explained to Officer Olmsted that Petitioner was outside his vehicle when the shooting occurred. This was contradictory of Ms. Baker's prior testimony. The State objected to this impeachment and the trial court sustained. This error was a denial of due process.

**Ground Six**: Petitioner was denied due process when the trial court denied his request for a continuance.

**Supporting Facts:** During trial, the State provided some additional evidence in the form of jail calls. Petitioner requested a continuance to list to approximately 4 hours of calls. The trial court abused its

>discretion and denied Petitioner due process by not allowing this continuance.

(Petition, ECF No. 1, PageID 6-12).

**Procedural History**

The records of Montgomery County Clerk of Courts Russell Joseph show that Petitioner was indicted on July 6, 2016, in Case No. 2016 CR 01817. The grand jury charged in Count One that he committed felonious assault on Kimber Baker on May 30, 2016; in Count Two, he committed felonious assault on K.H. on the same date; in Count Three, that he committed felonious assault on D.B. on the same date; in the Fourth Count, that he recklessly discharge a firearm on a public road or highway, creating a substantial risk of physical harm to persons or serious harm to property; in Count Five, for possession of a firearm after a felony drug conviction; and in Count Six, for possession of a firearm after conviction of discharging a firearm into a habitation and aggravated robbery. Several of the counts carried firearm specifications and stated that Clark was a repeat violent offender.

After conviction and sentencing, Clark appealed to the Second District Court of Appeals and was appointed new counsel for that purpose. On appeal, Clark raised six assignments of error, which parallel his Grounds for Relief in the Petition. The Second District affirmed the conviction. *State v. Clark*, 2017-Ohio-7633 (2nd Dist. Sept. 15, 2017). Clark appealed to the Supreme Court of Ohio, but the appeal was untimely and that court denied leave to file an untimely appeal. *State v. Clark*, Case No. 2018-0022, 153 Ohio St. 3d 1405 (Feb. 28, 2018). Mr. Clark then filed in this

Court on August 9, 2018, within the one-year statute of limitations

## Analysis

**Ground One: Manifest Weight of the Evidence**

In his First Ground for Relief, Petitioner claims his convictions are all against the manifest weight of the evidence presented (Petition, ECF No. 1, Page ID 6).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018) (Thapar, J., concurring).

A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Because it does not state a claim for relief under the U.S. Constitution, Ground One should be dismissed.

**Ground Two: Ineffective Assistance of Counsel**

In his Second Ground for Relief Clark claims he received ineffective assistance of trial

4

counsel (1) failed to object to Kim Baker's testimony and (2) failed to object to allowing a detective to testify about bullet strikes on a truck (Petition, ECF No. 1, Page ID 7).

The Second Ground for Relief does state a constitutional claim under the Sixth Amendment. Every person charged with a criminal offense is entitled to the effective assistance of a trial attorney. The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

With respect to the first of these two claims, the Second District held:

> {¶ 23} The second assignment of error alleges that Clark received ineffective assistance of counsel.
>
> {¶ 24} "To obtain relief on the basis of ineffective assistance of counsel, the defendant as a general rule bears the burden to meet two standards. First, the defendant must show deficient performance—that the attorney's error was 'so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Second, the defendant must show that the attorney's error 'prejudiced the defense.'" *Weaver v. Massachusetts*, ---U.S. ---- 137 S.Ct. 1899, 1910, 198 L.Ed.2d 420 (2017), quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficient performance, "a defendant must show that counsel's representation 'fell below an objective standard of reasonableness.'" *Lee v. United States*, --- U.S. ----, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Strickland* at 692.
>
> {¶ 25} Clark first argues that trial counsel acted unreasonably by not objecting when Baker testified that Clark placed a gun through her mail slot. He says that Baker's testimony is speculative because she had no personal knowledge that it was Clark who did it. By rule, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evid.[]R. 602. Baker had testified that she knew Clark and was familiar with him before the incident. She had said that there was conflict between her and Clark as a result of Adams's relationship with her step-brother. And Baker said that she

> heard Clark asking, "'where's Beth, where's Beth'" and that she "begged him to leave." (Tr. 82). This evidence is sufficient to establish a foundation of personal knowledge of this matter.

*State v. Clark*, 2017-Ohio-7633.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the U.S. Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Reviewing the Second District's decision on the first ineffective assistance of trial counsel sub-claim, the Magistrate Judge concludes that the court applied the correct federal standard under *Strickland* and that standard was applied in an objectively reasonable way: Because there was a sufficient basis for Baker to testify that it was Clark who shoved the gun through the mail slot -- because she recognized his voice and the words he said related to an ongoing problem between them – an objection of lack of personal knowledge under Ohio R. Evid. 602 would have been meritless. It cannot be deficient performance to fail to make a meritless objection.

As to the second sub-claim of ineffective assistance of trial counsel, the Second District held:

> **{¶ 26}** Clark also argues that counsel acted unreasonably by not objecting to Detective Via's lay testimony about the bullet strikes on Baker's truck. Clark contends that this testimony should not have been allowed without Via being admitted as an expert witness. But Evid.R. 701 states that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." "Under Evid.R. 701, courts have permitted lay

> witnesses to express their opinions in areas in which it would ordinarily be expected that an expert must be qualified under Evid.R. 702." *State v. Primeau*, 8th Dist. Cuyahoga No. 97901, 2012-Ohio-5172, ¶ 74, citing *State v. McKee*, 91 Ohio St.3d 292, 2001-Ohio-41, 744 N.E.2d 737 (2001). "Appellate courts have . . . determined that 'some testimony offered by officers/detectives is lay person witness testimony even though it is based on the officer/detective's specialized knowledge.'" *State v. Maust*, 8th Dist. Cuyahoga No. 103182, 2016-Ohio-3171, ¶ 19, quoting *State v. Johnson*, 7th Dist. Jefferson No. 13JE5, 2014-Ohio-1226, ¶ 57. Indeed, we have found no error in admitting such testimony where an officer was testifying as to the investigation and the officer's observations and experience. *See State v. Ashe*, 2d Dist. Montgomery No. 26528, 2016-Ohio-136, ¶ 28. In sum, if testimony is based on an officer's training and experience, related to the officer's personal observations during an investigation, and helpful to determine facts in issue, the testimony may properly be admitted as lay testimony under Evid.R. 701. *See Maust* at ¶ 18; *State v. Meddock*, 2017-Ohio-4414, --- N.E.3d ----, ¶ 21 (4th Dist.).
>
> {¶ 27} Here, Detective Via's testimony was based on his own observations of Baker's truck and his training and experience as a detective. He testified that he had been a police officer for approximately 20 years and a detective since 2002. As a detective, Via said, he had investigated over 10,000 cases and had investigated well over 100 cases in which an individual was fatally shot inside an automobile. He also said that he had seen bullet strikes on other vehicles like those on Baker's truck. Detective Via's testimony satisfies Evid.R. 701 and was admissible. So it was reasonable for defense counsel not to object.

*State v. Clark*, 2017-Ohio-7633. Here again the Second District found that the omitted objection would have been meritless and it cannot be deficient performance to fail to make a meritless evidentiary objection.

Ground Two should be dismissed because the Second District's decision on these two claims of ineffective assistance of trial counsel is an objectively reasonable application of *Strickland*.

**Ground Three: Failure to Merge Counts 4 and 5 with Counts 1, 2, and 3.**

8

In his Third Ground for Relief, Petitioner asserts the weapons under disability convictions should have been merged with the three felonious assault convictions. In essence, he is claiming that the Ohio courts failed to comply with Ohio Revised Code § 2941.25 which requires the merger of allied offenses of similar import. The Second District considered the parallel assignment of error and found it to be without merit under Ohio law. *State v. Clark,* 2017-Ohio-7633, at ¶¶ 29-32.

As noted above, this Court cannot consider claims arising under Ohio law. The Due Process Clause of the Fourteenth Amendment does not elevate every state criminal procedure violation to the level of a constitutional violation. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Ground Three should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Four: Improper Sentencing**

In his Fourth Ground for Relief, Clark claims he was denied due process of law when the

trial court failed to consider the factors required for imposition of consecutive sentences under Ohio Revised Code § 2929.14. The Second District found the termination entry in this case included the required language under Ohio law for imposition of consecutive sentences and presumed the regularity of the proceedings in the absence of any proof to the contrary because the sentencing transcript has not been provided to the. State v. Clark, supra, at ¶¶ 33-37.

As with the Third Ground for Relief, this Fourth Ground fails to state a claim for relief under the Constitution. The Constitution does not require particularized findings to justify consecutive sentences. *Oregon v. Ice*, 555 U.S. 160 (2009). And the Constitution also does not guarantee that state criminal procedure be followed in every instance. *Levine v. Torvik, supra.*

Ground Four should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Five: Denial of Impeachment**

In his Fifth Ground for Relief, Clark claims he was denied due process when his attorney was not permitted to impeach Kim Baker with her prior statement to Officer Olmsted which was inconsistent with her trial testimony.

Although Clark did not raise this as a constitutional claim in the state courts, Ms. Baker was an accusing witness, and Clark had the right to impeach her as part of his rights under the Confrontation Clause,. However, the Confrontation Clause does not override all limitations on cross-examination arising from state evidence law. Subsequent to *Davis v. Alaska*, 415 U.S. 308 (1974), the Supreme Court has held "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns

about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 681 (1986). The Sixth Circuit has held "[t]his includes discretion to impose limits based on concerns about harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant. *Boggs v. Collins*, 226 F.3d 728, 736 (2000), *citing Van Arsdall* and *King v. Trippett*, 192 F.3d 517, 524 (6th Cir. 1999)."

Here, the trial court imposed a longstanding evidence rule that before a witness is confronted by presentation of a prior inconsistent statement, the witness herself must be shown the statement and given an opportunity to explain it. This is a "trans-substantive" rule of law, applied under Ohio R. Evid. 613 (B) to all kinds of cases, and also applied in federal court under the parallel rule. Without question defense, counsel did not lay the proper foundation for the prior inconsistent statement. Therefore, Clark's Confrontation Clause rights were not violated by the trial court's ruling, and the Fifth Ground for Relief should be dismissed.

**Ground Six: Denial of Continuance**

After the State rested its case-in-chief, the prosecutor provided defense counsel with a recording of four hours of telephone conversations between Clark from the Montgomery County Jail and other persons. The prosecutor has already played for counsel the portions of the recordings that they might use for impeachment. Defense counsel asked for a continuance to review the recordings, which was denied. On appeal, Clark argued this was an abuse of discretion because there might have been exculpatory evidence in those portions. The Second District overruled that assignment of error and Clark now asserts the trial court ruling deprived him of due process.

11

The Second District decided this claim as follows:

> {¶ 44} The sixth assignment of error alleges that the trial court erred by not granting Clark a continuance for his attorney to review the entirety of four hours of recordings of Clark's telephone conversations that he had while he was in jail that the State provided to the defense after the State had rested its case-in-chief. The record reflects that the State had played for defense counsel the portions of the recordings they might use for purposes of impeachment. Appellate counsel argues that the other portions of the recordings could contain "possible exculpatory evidence." Brief of Appellant at 14.
>
> {¶ 45} A determination of whether to grant or to deny a continuance is a matter left to the sound discretion of the trial court, and an appellate court may not disturb the trial court's ruling absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). In exercising its discretion, the court should consider "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which g[a]ve rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *State v. Bocock*, 2nd Dist. Montgomery No. 22481, 2008-Ohio-5641, ¶ 23 (citation omitted).
>
> {¶ 46} Clark argues that defense counsel had not been provided a recording of these jail calls before the trial and never had the opportunity to listen to them. Consequently[,] Clark says that counsel never had the chance to listen to the other parts to see if they contained anything potentially exculpatory. When the motion was made, the State had rested its case and the defense had yet to begin, and granting a short delay to allow defense counsel to listen to the recordings, says Clark, would not have caused a severe delay of the trial. The State responds that it had provided counsel with the parts that it intended to play at trial and that the rest was not relevant and was not used.
>
> {¶ 47} The only jail call referred to at trial by the State was during its cross-examination of Huddleston and concerned a telephone conversation that she had had with Clark after the first day of trial discussing that day's testimony. None of the jail calls were [*sic*] actually played during the trial. But perhaps most interesting is the reason that the State had not discovered the calls sooner. According

> to the State, it only found the calls when it later searched the jail's phone records for particular phone numbers. The calls did not show up when the State earlier searched the records using Clark's name because Clark had used another inmate's name to make the calls. Indeed, in the calls, the State said, Clark admits that he did this intentionally in an effort to hide evidence from the State.
>
> {¶ 48} We cannot say that the trial court abused its discretion by denying Clark a continuance. And even if the court did err, Clark fails to show prejudice. He does not say what the recordings contain, let alone that they contain evidence that would have exonerated him. Moreover, Clark was a party to the conversations and would already have knowledge of what was said. Finally, if any of Clark's own statements during the phone conversions were potentially exculpatory, they would be inadmissible under Evid.R. 802. *State v. Beeson*, 2nd Dist. Montgomery No. 19312, 2002-Ohio-4341, ¶ 56 (Aug. 23, 2002) ("Defendant's out-of-court exculpatory statement that he sought to introduce through the testimony of other witnesses was clearly offered to prove the truth of the matter asserted . . . and constitutes hearsay.").

*State v. Clark*, 2017-Ohio-7633.

A claim that a state court has abused its discretion does not state a claim upon which federal habeas corpus relief can be granted. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). But even if an abuse of discretion were actionable in habeas, there was no abuse here. Clark as a participant knew what had been said and could have told defense counsel if there was anything useful for cross-examination of any State's witness. And Clark brought the delay in production on himself by making the calls using the name of another inmate.

Ground Six should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 10, 2018.

                                                            s/ **Michael R. Merz**
                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).