# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY CLARK,

                Petitioner,      :      Case No. 3:18-cv-266

   - vs -                                 District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER, Warden,
  Lebanon Correctional Institution

                                    :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 8) to the Magistrate Judge's recommendation on initial review that the case be dismissed with prejudice (Report and Recommendations, ECF No. 5, the "Report"). Judge Rose has recommitted the case for further consideration in light of the Objections (ECF No. 9).

The Petition in this case contains six grounds for relief: (1) conviction against the manifest weight of the evidence; (2) ineffective assistance of trial counsel for failure to object to object to Kim Baker's testimony and to allowing a lay witness to testify as an expert; (3) failure to merge counts 4 and 5 with counts 1, 2, and 3; (4) trial court failure to consider sentencing factors in Ohio Revised Code § 2929.14(C)(4); (5) denial of impeachment of witness Baker; and (6) denial of a continuance (Report, ECF No. 5, PageID 23). The Report recommended dismissing all six grounds for relief either on the merits or because they did not state a claim under the Constitution on which habeas corpus relief can be granted.

Petitioner devotes the first four pages of his Objections to arguing he can show cause and prejudice to excuse his late filing in the Supreme Court of Ohio (ECF No. 8, PageID 39-42). But the Magistrate Judge did not recommend finding him in procedural default on any of his Grounds for Relief.[1]

Petitioner devotes the balance of his Objections to arguing that his double jeopardy claim (Ground Three) was fairly presented to the Second District Court of Appeals by his assignment of error claiming the weapons under disability counts should have been merged with the felonious assault counts under Ohio Revised Code § 2941.25 (ECF No. 8, PageID 43-47). The Report did not recommend dismissing the claim for lack of fair presentation, but rather read is as raising only a state law claim under Ohio Revised Code § 2941.25, which is not cognizable in habeas corpus (Report, ECF No. 5, PageID 29-30).

If Petitioner had pleaded a Double Jeopardy claim in this Court, the Report would have had to reach the issue of fair presentation. But Clark said nothing about double jeopardy in his Petition. The full text of Ground Three reads:

> **Ground Three:** Petitioner was denied due process when the trial court failed to merge counts 4 and 5 with 1, 2, and 3.
>
> **Supporting Facts:** Petitioner's convictions for felonious assault and having weapons under disability are allied offense that should have been merged.

(Petition, ECF No. 1.) Thus, the question on Ground Three is not whether it was fairly presented to the Ohio courts as a double jeopardy claim, but whether it has been pleaded as a double jeopardy claim in this Court. Clark cites authority for the proposition that pleading an assignment of error

---

[1] If the District Judge should reject the recommendations made in this and the prior Report, Respondent can still raise the procedural default defense and the Court will decide it at that time.

under Ohio Revised Code § 2941.25 fairly presents a double jeopardy claim to the state courts, but no authority for the idea that one can raise a double jeopardy claim in federal court without ever using those words.

Putting that confusion aside and treating the Petition as if it raised a pure double jeopardy claim, the Magistrate Judge finds that claim is without merit. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Applying the *Blockburger* test, it is plain that the offenses of conviction have different elements. Felonious assault is committed by assaulting another person with a deadly weapon. Having weapons under disability is committed by acquiring a firearm at a time when one is disqualified by law from possessing a gun, e.g., by having been convicted of a felony. As the Second District noted, Clark did not acquire the weapon he used in the assault "with an immediate, virtually simultaneous intent to fire it at the victim and had no other reason for possessing the weapon." *State v. Clark*, 2nd Dist. Montgomery No. 27365, 2017-Ohio-7633, ¶ 31 (Sept. 15, 2017). Thus, there is no double jeopardy violation in punishing Clark separately for obtaining a firearm when he was not permitted to have

one and then using that firearm to assault the victims in this case.

Clark raises no objection to the recommended disposition of any of the other five grounds for relief.

**Conclusion**

Having further analyzed the case in light of the Objections, the Magistrate Judge again concludes that it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 27, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140,

153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).