# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY CLARK,

        Petitioner,     :     Case No. 3:18-cv-266

  - vs -                         District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

THOMAS SCHWEITZER, Warden,
  Lebanon Correctional Institution

                                :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 10). Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 16).

Clark's Third Ground for Relief reads:

> **Ground Three:** Petitioner was denied due process when the trial court failed to merge counts 4 and 5 with 1, 2, and 3.
>
> **Supporting Facts:** Petitioner's convictions for felonious assault and having weapons under disability are allied offense[s] that should have been merged.

(Petition, ECF No. 1.)

Clark asserts this is a double jeopardy claim, although the words "double jeopardy" are never used. The Supplemental Report pointed this out and noted Clark had cited "no authority for the idea that one can raise a double jeopardy claim in federal court without ever using those words."

1

(ECF No. 10, PageID 77.) Clark objects that under the liberal construction standard of *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), he is entitled to have his claim of a due process violation read as including a Double Jeopardy violation (Objections, ECF No. 15, PageID 87). The Magistrate Judge accepts this position and has offered an analysis of Ground Three when it is construed as a Double Jeopardy claim (Supplemental Report, ECF No. 10, PageID 77-78).

The Supporting Facts for Ground Three reads, "Petitioner's convictions for felonious assault and having weapons under disability are allied offenses that should have been merged." (Petition, ECF No. 1, PageID 9.) In the Supplemental Report, the Court read that allegation literally, applied the well-established *Blockburger* test, and found that those two offenses have different elements. Therefore, there was no basis for finding a Double Jeopardy violation.

Clark objects that this is not his position. Rather, he says, he has argued all along that his weapons under disability convictions should be merged with one another and his felonious assault convictions should also be merged with one another (Objections, ECF No. 15, PageID 88-91). But examining the decision of the Ohio Second District Court of Appeals shows Clark argued something different to that court on direct appeal. That court's opinion states the background facts on which Clark was indicted and its resolution of the assignment of error:

### I. Background

[*P2] Kimber Baker was friends with Beth Ann Adams and knew Adams's boyfriend, Clark. According to Baker, in April or May 2016, she learned that Adams and Clark were having relationship problems. It seems that Adams had met Baker's step-brother and that the two of them now had some sort of a relationship. One day, near the end of May, Clark came to Baker's house, put a gun through the mail slot and started asking her where Beth was. Baker begged him to leave, and eventually he did. Afterwards, Adams stopped being friendly with Baker and became angry.

[*P3] On May 30, about a week after the gun-through-the-mail-slot incident, Baker left her house to pick up her sister-in-law. Baker had her three-year-old nephew and her one-year-old son with her. According to Baker, while she was stopped at a red light, Adams pulled up next to her and started yelling and swearing at her. Adams then jumped out of her car and came towards Baker's truck. Baker took off, running a red light to get away. She turned around and went back home. She parked in front of her house and was getting the children out when Baker saw Adams coming up the street behind her. Baker quickly shepherded the children into the front seat and drove away.

[*P4] She turned into an alley to cut across to another street. But just as Baker reached the end of the alley, Clark suddenly pulled up from the right and stopped in front of her at an angle, almost nose-to-nose with her truck, facing the truck's passenger side. Baker watched as he pointed a handgun and fired three times—first at the truck's tires and then twice more, with the last shot aimed right at Baker. Adams then pulled into the alley behind Baker. Clark and Adams were out of their cars when Baker hit the gas, driving over the left curb to get around Clark's car. She drove straight to her father's house where she called the police.

[*P5] Dayton police officers Mitchell Olmstead and Christopher Fogle responded. When the officers met with Baker, she appeared very upset and scared. Baker told them what had happened and identified Clark as the shooter. While Olmstead spoke with Baker, Fogle looked over Baker's truck. He saw a bullet hole in the passenger-side fender behind the tire and glancing strikes on the hood and windshield. Later, Dayton police homicide detective Nathan Via examined the truck and also saw the bullet hole and the two glancing strikes. He interviewed Clark, and Clark denied any involvement in the incident.

[*P6] In July 2016, Clark was indicted on three counts of second-degree felonious assault (deadly weapon), under R.C. 2903.11(A)(2), each of which included a three-year and five-year firearm specification and a repeat-violent-offender specification; one count of third-degree discharge of a firearm on or near prohibited premises, over a public road or highway when there is a substantial risk of physical harm to any person or serious physical harm to property, under R.C. 2923.162(A)(3) and (C)(2), along with a three-year firearm specification; one count of third-degree having weapons under disability (prior drug conviction), under R.C. 2923.13(A)(3); and another count of third-degree having weapons

under disability (prior offense of violence), under R.C. 2923.13(A)(2).

[*P7] A jury trial was held on the felonious-assault and discharge-of-a-firearm offenses, and the two having-weapons-under-disability offenses were tried to the court. Clark was found guilty on all counts and specifications. At sentencing, when all was said and done as to merger and consecutive service, Clark's total prison sentence is 23 years.

* * *

C. *Merger*

[*P29] The third assignment of error alleges that the trial court erred by not merging the offenses of having weapons under disability with the offenses of felonious assault under R.C. 2941.25.

[*P30] Under R.C. 2941.25, "an accused may be convicted and sentenced for multiple offenses when '(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 18, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. The defendant must prove entitlement to merger. *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 44.

[*P31] We have said that to prove that the offenses of felonious assault and having weapons under disability merge, the defendant must show that he acquired the weapon with an immediate, virtually simultaneous intent to fire it at the victim and had no other reason for possessing the weapon. *Id*. Here, the evidence shows only that Clark acquired the gun some time before shooting it at Baker. There is no evidence that Clark acquired the gun with an immediate intent to shoot it at Baker and that he had no other reason for acquiring it. So it can only be concluded that Clark's choice to possess the handgun while under disability was separate and distinct from his choice to fire it at Baker and the children, and therefore the offenses do not merge.

[*P32] The third assignment of error is overruled.

*State v. Clark,* 2017-Ohio-7633 (2nd Dist. Sept. 15, 2017).

Thus, it is plain from the Second District's decision that Clark did **not** claim in that court that his felonious assault convictions should merge with one another. In his initial Objections, Clark asserted that he had made that claim on direct appeal (ECF No. 8, PageID 46), but the Second District's opinion belies that claim – nothing about merging the felonious assault convictions with one another appears in that opinion. Therefore, the claim that the felonious assault convictions should merge with one another is procedurally defaulted because it could have been raised on direct appeal and was not. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Even if this particular claim were not procedurally defaulted, it would be without merit. As the Second District's opinion makes clear, there were three separate victims at whom Clark shot. Where there are separate victims, Ohio Revised Code § 2941.25 does not require merger. *State v. Cabrales*, 118 Ohio St. 3d 54 (2008) (paragraph one of the syllabus).

The Double Jeopardy Clause also does not prohibit separate convictions for the two offenses of having weapons while under disability with which Clark was charged because those two offenses have different elements. One of them required proof he had a weapon after being convicted of a drug offense (Ohio Revised Code § 2923.13(A)(3)) and the other required proof that he had previously been convicted of an offense of violence (Ohio Revised Code § 2923.13(A)(2)).

**Conclusion**

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). An Ohio Court of Appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 639 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010)(syllabus).

Clark's Double Jeopardy claim is without merit and the Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 25, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).